## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

INFORMED CONSENT ACTION NETWORK,
2025 Guadalupe Street, Suite 260
Austin, Texas 78705

                                Plaintiff,

    -against-

CENTERS FOR DISEASE CONTROL AND PREVENTION
200 Independence Avenue S.W.
Washington, DC 20201

-and-

U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES,
200 Independence Avenue S.W.
Washington, DC 20201

                               Defendants.

Civil Action No. 1:24-cv-1618

## COMPLAINT

Plaintiff Informed Consent Action Network ("**ICAN**" or "**Plaintiff**") brings this action against defendants Centers for Disease Control and Prevention ("**CDC**") and the United States Department of Health and Human Services ("**HHS**") (collectively "**Defendants**") to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("**FOIA**"). As grounds therefor, Plaintiff alleges as follows:

## JURISDICTION AND VENUE

1.      The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2.      Venue is proper in this district pursuant 5 U.S.C. § 522(a)(4)(B) and 28 U.S.C. § 1331.

## PARTIES

3.      Plaintiff ICAN is a not-for-profit organization formed and existing under the laws of the state of Texas, with its principal office located at 2025 Guadalupe Street, Suite 260, Austin, Texas 78705. Plaintiff is in good standing with the Texas Secretary of State.

4.      Defendant CDC is an agency within the Executive Branch of the United States Government, organized within HHS. CDC is an agency within the meaning of 5 U.S.C. § 552(f) and has possession, custody, and control of records to which Plaintiff seeks access.

5.      Defendant HHS is an agency within the Executive Branch of the United States Government. HHS is an agency within the meaning of 5 U.S.C. § 552(f) and has possession, custody, and control of records to which Plaintiff seeks access.

## STATEMENT OF FACTS

6.      On November 2, 2020, Plaintiff sent a FOIA request to CDC seeking copies of Frank DeStefano's emails and as more specifically described in **Exhibit 1**.

7.      Defendant CDC acknowledged Plaintiff's FOIA request on November 2, 2020, and the request was assigned #21-00172-FOIA. (**Exhibit 2**.)

8.      On November 12, 2020, Defendant CDC requested that Plaintiff limit the date of the search from January 1, 2015, through the date of the search, and Plaintiff agreed. (**Exhibit 3**.)

9.      On May 20, 2021, CDC sent Plaintiff its final determination letter, which stated in relevant part:

> This letter is regarding your Centers for Disease Control and Prevention and Agency for Toxic Substances and Disease Registry (CDC/ATSDR) Freedom of Information Act (FOIA) request of November 2, 2020, assigned #21-00172-FOIA, for "see attached request."

We located 1660 pages of responsive records (1660 pages released in full or part. After a careful review of these pages, some information was withheld from release pursuant to 5 U.S.C. §552 Exemptions 4, 5, and 6.

**EXEMPTION 4**

Exemption 4 protects trade secrets and commercial or financial information obtained from a person that is privileged or confidential. The information withheld is commercial or financial information, such as draft manuscript, and we have determined that the individual/s to whom this information pertains have a substantial commercial or financial interest in withholding it.

**EXEMPTION 5**

Exemption 5 protects inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency. Exemption 5 therefore incorporates the privileges that protect materials from discovery in litigation, including the deliberative process, attorney work-product, and attorney-client privileges. Information withheld under this exemption was protected under the deliberative process privilege. The deliberative process privilege protects the decision-making process of government agencies. The deliberative process privilege protects materials that are both predecisional and deliberative. The materials that have been withheld under the deliberative process privilege of Exemption 5 are both predecisional and deliberative, and do not contain or represent formal or informal agency policies or decisions. Examples of information withheld include internal deliberative discussions.

**EXEMPTION 6**

Exemption 6 protects information in personnel and medical files and similar files when disclosure would constitute a clearly unwarranted invasion of personal privacy. The information that has been withheld under Exemption 6 consists of personal information, such as personal email address. We have determined that the individual(s) to whom this information pertains has a substantial privacy interest in withholding it.

(**Exhibit 4**.)

10.    Plaintiff submitted its appeal to CDC's final determination on August 18, 2021, challenging the CDC's application of Exemption 4, 5, and 6. (**Exhibit 5**.)

11.     The appeal was received on August 19, 2021, and assigned 2021-00249-A-PHS. (**Exhibit 6**.)

12.     On September 1, 2021, Defendants provided a 16-page supplemental production and asked Plaintiff to withdraw its appeal. (**Exhibit 7**.)

13.     On October 7, 2021, Plaintiff responded that it would not withdraw its appeal. (**Exhibit 8**.)

14.     On October 8, 2021, Defendant HHS stated that the agency would "review the appeal again. . . ." (**Exhibit 9**.)

15.     As of the date of this Complaint, Defendants have failed to (i) notify Plaintiff of the determination of its appeal or (ii) produce the requested records or otherwise demonstrate that the requested records are exempt from disclosure.

## COUNT I
## FAILURE TO MAKE DETERMINATION BY REQUIRED DEADLINE
## (VIOLATION OF FOIA, 5 U.S.C. § 552)

16.     Plaintiff realleges the previous paragraphs as if fully stated herein.

17.     Defendants are in violation of FOIA.

18.     Defendants were required to make a final determination on Plaintiff's appeal no later than twenty (20) business days from acknowledgement of the appeal. Because Defendants failed to make a final determination on Plaintiff's request within the time limits set by FOIA, Plaintiff is deemed to have exhausted its administrative appeal remedies.

19.     Plaintiff is being irreparably harmed by reason of Defendants' violation of FOIA and Plaintiff will continue to be irreparably harmed unless Defendants are compelled to comply with the law.

20.     Plaintiff has no adequate remedy at law.

**COUNT II**
**IMPROPER WITHHOLDING OF INFORMATION AND DATA**
**(VIOLATION OF FOIA, 5 U.S.C. § 552)**

21.     Plaintiff realleges the previous paragraphs as if fully stated herein.

22.     Defendants have failed to establish that they adequately applied an exemption to the withheld information and data.

23.     Defendants are in violation of FOIA.

**COUNT III**
**ENTITLEMENT TO WAIVER OF SEARCH FEES**

24.     Plaintiff realleges the previous paragraphs as if fully stated herein.

25.     Defendants are in violation of FOIA.

26.     Plaintiff sought a waiver of fees. Defendants failed, within 20 days, to produce the requested records and otherwise failed to comply with the statutory requirements of 5 U.S.C. § 522 within the time limits set forth therein.

27.     Plaintiff is entitled to a waiver of fees pursuant to 5 U.S.C. § 552(a)(4)(A)(viii).

**REQUESTED RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court:

a.     Declare that Defendants' current and continued delay in processing Plaintiff's FOIA Request is unlawful under FOIA;

b.     Order Defendants to conduct searches for any and all records responsive to Plaintiff's FOIA request and demonstrate that they employed search methods reasonably likely to lead to the discovery of records responsive to Plaintiff's FOIA request;

c.     Order Defendants to produce, by a date certain, any and all non-exempt records responsive to Plaintiff's FOIA request and a *Vaughn* index of any responsive records withheld under any claimed exemption;

      d.      Enjoin Defendants from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA request;

      e.      Maintain jurisdiction over this action until Defendants comply with FOIA and all orders of this Court;

      f.      Grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E);

      g.      Grant Plaintiff a fee waiver pursuant to 5 U.S.C. § 552(a)(4)(A)(viii); and

      h.      Grant Plaintiff such other relief as the Court deems just and proper.

Dated: June 2, 2024                    SIRI & GLIMSTAD LLP

                                */s/ Allison R. Lucas*
                                Allison R. Lucas, DC Bar No. MI0105
                                220 West Congress Street
                                2nd Floor
                                Detroit, MI 48226
                                Tel: (240) 732-6737
                                alucas@sirillp.com

                                Elizabeth A. Brehm, DC Bar No. NY0532
                                745 Fifth Ave
                                Suite 500
                                New York, New York 10151
                                Tel: (240) 732-6737
                                ebrehm@sirillp.com